

R-649

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 13, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-335

Re: Whether residue gas which
is originally used by the
first producer for lift-
ing oil and which is then
reproducted and sold should
be included in calculating
the tax imposed by Article
7047b, R.C.S.

Dear Sir:

You have requested an opinion from this Department as
to whether or not the tax imposed by Article 7047b, R.C.S.,
"accrues on that portion of the residue gas that was originally
used for lifting oil, then reproduced and reprocessed and part
of said residue sold." We quote the following detailed facts
from the data which accompanied your request:

"A gas producer, 'A' delivers its gas as pro-
duced to 'B' who owns a natural gasoline plant
and the gathering lines and residue return lines
incident thereto. The gas flows through the gas-
oline plant owned by 'B' where the liquid hydrocarbons
are extracted. A portion of the residue gas is re-
turned to 'A' for use in lifting oil and a portion
is sold to 'B' at the outlet side of the gasoline
plant.

"'A', the producer, uses the returned residue
gas for lifting oil and upon its reemergence from
the oil well flares a part of this gas and again
delivers a part of the gas to 'B' for transmission
to and treatment in its gasoline plant. This gas,
which has been used for lifting oil and which
again passes through the gasoline plant is then
sold to 'B' at the outlet side of the plant.

"Mathematically the problem is as follows:

"Disposition of Gas When Produced:

"Formation Gas Produced by 'A', the producer, from

his wells which is gathered by 'B', the
processor, (Gasoline Plant Operator)          1,000 M.C.F.

"Residue Gas returned to Producer 'A'
and used by 'A' for lifting oil.                 600 M.C.F.
(Taxpayer contends that done of this
600 M.C.F. is taxable as it is exclud-
ed from the gas subject to tax by Law).         _____

"Residue from original production sold
by Producer 'A' to Producer 'B'                  400 M.C.F.
(Taxpayer contends that this 400 M.C.F.
is the amount subject to tax at well-
head market price).

"Disposition of Residue Gas Returned to Producer:

"Residue Gas Returned to Producer 'A'
and used for lifting oil as above               600 M.C.F.

"Reproduced and separated from oil as
it is lifted (Same amount as injected
into well, as above).                            600 M.C.F.

Gas flared as it is reproduced                  250 M.C.F.

"Returned to 'B' and to Gasoline Plant
where liquid hydrocarbons are extracted
and the gas then is sold to 'B' (State
contends that this 350 M.C.F. also is sub-
ject to tax).                                    350 M.C.F.

"(Shrinkage or line loss  and value of liquid hydro-
carbons extracted are not taken into account in this
statement; nor is the theoretical sale of royalty
interest to the producer considered as these points
are not here in issue.)

"The specific question is whether or not this re-
maining gas, 350 M.C.F., referred to above, which
after its use for lifting oil and again passing
through the Gasoline Plant and then sold, is sub-
ject to a production tax under Article 7047 (b),
Revised Civil Statutes."

        The occupation tax on the business of producing gas is
levied against the producer and not the purchaser thereof who
merely acts as withholding agent for the State and collects the
tax from the producer by deducting the amount thereof from the
purchase price. W.R. Davis, Inc. v. State, 142 T. 637, 180 S.W.

2d 429.  Section 2a of Article 7047b, R.C.S., makes the tax the primary liability of the producer although it is also a liability upon the first purchaser and/or subsequent purchaser.

The tax thus ultimately paid by the producer, is, by Section 1 of Article 7047b, "on the amount of gas produced and saved equivalent to five and two-tenths (5.2) per cent of the market value thereof as and when produced." (Emphasis added throughout this opinion) Section 1 also provides as follows:

"In calculating the tax herein levied, there should be excluded:  (a) gas injected into the earth in this state, unless sold for such purpose; (b) gas produced from oil wells with oil and lawfully vented or flared; and, (c) gas used for lifting oil, unless sold for such purpose."

It is noteworthy that each of the foregoing exclusions relate to a use from which the producer has realized no immediate profit.  This is in line with the other provisions of Article 7047b, which, when read as a whole, reveals a legislative intent to tax the business of producing gas, i.e., producing gas for profit.  The tax so imposed  is not levied on the value of the amount of gas produced and used only for purposes which are incidental to the ultimate production of gas for profit; but is levied on the gross receipts of the business in accordance with the appropriate provision of the statute.

Reference was made in your request to Opinion O-4100 of this Department.  That opinion held no tax was due on gas which was reproduced after injection into the well; however, the gas there injected was "derived from gas upon which a production tax . . . . /had/ already been paid." We think this fact differentiates the facts of that case from the one presented by your request and necessitates a contra holding. Let us assume that it would be theoritically possible to use the same gas over and over, without exhaustion, for lifting oil.  If, as in Opinion O-4100, the tax had originally been paid on such gas because it was purchased by the second producer, a tax on each subsequent reproduction and sale of the same gas for lifting oil would ultimately result in payments totaling more than the value of the gas itself.  It would, in effect, be a tax on each sale of gas rather than one on the business or occupation of producing gas measured by the producer's receipts.  Obviously this result was not intended by the statute and is precluded by the holding in Opinion O-4100.  On the other hand to hold that the value of the gas involved in this case may be excluded from the total receipts on which the tax is computed would result in the exclusion of gas produced for profit sim-

ply because it was originally used for a purpose which the statute excludes from the measure of the tax. Under this theory it is obvious that a great amount of gas might be produced, and sold, and the receipts therefor excluded from the tax by the simple device of an initial tax free use before it is produced and sold for profit. Such a result is equally at variance with the announced legislative intent to tax the business of producing gas.

The fact that gas is being reproduced does not prevent the inclusion of the proper measure of its value as part of producer's receipts. "Reproduce" is defined in Webster's New International Dictionary (2nd Ed.) as meaning "to produce again". Reproduction is therefore none the less production. Moreover the reproduction in this case constitutes the first "production" in the sense in which the statute measures the tax for the reason that the reproduction constitutes the first production for profit in the business of producing gas.

## SUMMARY

Residue gas which on initial production was excluded in calculating the tax levied by Article 7047b, R.C.S., because it was used by the first producer for lifting oil should be included in calculating the tax when it is reproduced and sold.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Marietta Creel
     Mrs. Marietta Creel
     Assistant

APPROVED
s/Price Daniel
ATTORNEY GENERAL

MC:lh:mrj:wc